ELECTRONICALLY FILED - 2021 Apr 29 4:00 PM - HORRY - COMMON PLEAS - CASE#2021CP2602767

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | C/A No.: |
| ) | |
| Tracy Scola, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| vs. ) | (JURY TRIAL REQUESTED) |
| ) | |
| City of North Myrtle Beach ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscribed, Mullis Law Firm, 1229 Elmwood Avenue, Post Office Box 7757, Columbia, South Carolina 29202, within thirty (30) days after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Columbia, South Carolina
April 29, 2021

s/Pamela R. Mullis
Pamela R. Mullis
MULLIS LAW FIRM
Post Office Box 7757
Columbia, South Carolina 29202
(803) 799-9577
prmullis@mullislawfirm.com

*ATTORNEY FOR THE PLAINTIFF*

**JURY TRIAL REQUESTED**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIFTEENTH JUDICIAL CIRCUIT |

ELECTRONICALLY FILED - 2021 Apr 29 4:00 PM - HORRY - COMMON PLEAS - CASE#2021CP2602767

| | | |
|---|---|---|
| COUNTY OF HORRY | ) | C/A No.: |
| | ) | |
| Tracy Scola, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | (JURY TRIAL REQUESTED) |
| | ) | |
| City of North Myrtle Beach, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff would respectfully show unto the Court as follows:

1. The Plaintiff is a citizen and resident of the County of Horry, State of South Carolina.

2. The Defendant City of North Myrtle Beach (hereinafter "City") is upon information and belief, a governmental entity organized and existing pursuant to the laws of the State of South Carolina and does conduct business in and does maintain agents, servants, and employees in the County of Horry, State of South Carolina.

3. At all times herein mentioned and in regard to all matters herein mentioned the Defendant acted by and through its agents, servants, and employees, who were at all times acting within the course and scope of their agency and employment and for whose acts or omissions the Defendant is liable, as an employer subject to the applicable discrimination laws included and alleged herein.

4. The Plaintiff was a 51 year old, (at the time of termination) female with no religious affiliation who was employed on or about May 2008, by Defendant as an Assistant Clerk of Court who was performing the essential functions of and Assistant Municipal Judge. Plaintiff was not

1

paid for the position of Assistant Judge despite performing the duties of said job. Plaintiff is in a protected class pursuant to the applicable discrimination laws included and alleged herein.

5. Plaintiff was 'preached to' by other employees and informed by her supervisor and a coworker that a particular coworker did not like her "lifestyle", the Plaintiff is a divorced, non-religious individual and believes this is code for the Plaintiff's religious beliefs were not acceptable to her co-workers and supervisors. Furthermore Plaintiff was excluded from department notices, emails and correspondence due to the employees and her supervisor's opinions of the Plaintiff's religious beliefs. Plaintiff was also treated differently related to job benefits from her co-worker with same religious views as their supervisors. Said exclusion and disparate treatment was harassing and created a hostile work environment.

6. Plaintiff voiced her concerns regarding the disparate treatment to multiple supervisors, but no corrective action was taken to stop the treatment of the Plaintiff, and the Plaintiff's department head then became directly involved with annual reviews being done by the Plaintiff's direct supervisor.

7. Plaintiff was told on occasion that she was one of her supervisor's "type" these comments along with the supervisor's actions in being know for improperly touching similar females created a hostile work environment for the Plaintiff.

8. On May 12, 2020 Plaintiff was discharged from her job after weeks of furlough, and Plaintiff believes the termination and furlough were not related to the stated reasons but were pretext for discrimination and retaliation for complaining about the disparate treatment.

9. The Plaintiff asserts she is in a protected class, performing her job at a satisfactory level which was higher than the performance level of multiple individuals who were not in a

ELECTRONICALLY FILED - 2021 Apr 29 4:00 PM - HORRY - COMMON PLEAS - CASE#2021CP2602767

protected class when she was wrongfully furloughed and then terminated by the Defendant Said actions of the Defendant created a remaining workforce, not in a protected class, that did not meet the same standards as the Plaintiff.

10. Upon information and belief, Plaintiff was discriminated against and subjected to adverse employment actions, furloughed and terminated due to a her sex, age, and religion in violation of Title VII and the applicable law.

### FOR A FIRST CAUSE OF ACTION
### DISCRIMINATION

11.. Plaintiff incorporates by reference any and all allegations as if set forth here in full.

12. The conduct by Defendant constitutes discrimination on the basis of Plaintiff's sex, age and/or religion including but not limited to the foregoing allegations and the following particulars:

   a. By being subjected to accusations and/or on going comments related to inappropriate conduct with female staff with her same physical profile because of her supervisor who was a white male;

   b. By denying Plaintiff raises and promotions related to her performance and giving said job benefits to an individual with similar religious beliefs;

   c. By furloughing the Plaintiff who was in a revenue producing position for the Defendant while the Defendant claimed they were in need of revenue and claiming the Defendant City did not qualify for federal relief during the pandemic;

   d. By terminating Plaintiff without cause for discriminatory reasons;

   e. and in such other particulars as the evidence at trial may show.

13. Plaintiff has received a Right-to-Sue Notice from SCHAC and institutes this action within one hundred twenty days of receipt thereof.

3

ELECTRONICALLY FILED - 2021 Apr 29 4:00 PM - HORRY - COMMON PLEAS - CASE#2021CP2602767

14.     As a result of the wrongful actions of the Defendant which injured the Plaintiff, the Plaintiff is informed and believes, she is entitled to an entry of judgment to include all amounts provided for by law including, but not limited to, actual damages, compensatory and punitive damages, reinstatement or front pay, costs, interest, and attorney fees for the violation of Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967, and any other applicable laws.

## FOR A SECOND CAUSE OF ACTION
## RETALIATION

15.     Plaintiff incorporates by reference any and all allegations as if set forth here in full.

16.     Plaintiff was an employee provided protection pursuant to law as a woman, due to her age and in violation of the right to free worship.

17.     Plaintiff reported said discriminatory conduct of her employer to the city manager and in turn was refused raises and promotions that other co-workers with different religious beliefs were granted and said employment actions which were pretext for discrimination and relation.

18.     Plaintiff was subjected to a hostile work environment and refused regular promotions when she complained about the discriminatory treatment she was retaliated against by the Defendant.

19.     The Defendant retaliated against the Plaintiff by furloughing her, and firing her for complaints about the disparate treatment.

20.     As a result of the wrongful actions of the Defendant which injured the Plaintiff, the Plaintiff is informed and believes, she is entitled to an entry of judgment to include all amounts provided for by law including, but not limited to, actual damages, compensatory and punitive damages, reinstatement or front pay, costs, interest, and attorney fees for the violation of Title VII

ELECTRONICALLY FILED - 2021 Apr 29 4:00 PM - HORRY - COMMON PLEAS - CASE#2021CP2602767

of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967, and any other applicable laws.

### FOR A THIRD CAUSE OF ACTION
### BREACH OF CONTRACT

21. Plaintiff incorporates by reference any and all allegations as if set forth here in full.

22. Upon information and belief, Defendant maintains mandatory policies and procedures for providing leaves of absence and reinstatement at the conclusion of the leave, which are binding and enforceable as a contract.

23. Defendant's Policies and procedures create a binding contract of employment which the Defendant failed to disclaim in a conspicuous manner in compliance with South Carolina law.

24. Defendant breached its contract by furloughing and the terminating Plaintiff in the manner that it did and by failing to comply with their own Policies and procedures.

25. As a result of the wrongful actions of the Defendant which injured the Plaintiff, the Plaintiff is informed and believes, she is entitled to specific performance, an award of lost wages, lost fringe benefits, and other actual and consequential damages resulting from the breach complained of herein, front pay, and all other and further relief as to this Court appears necessary and proper, including, but not limited to, the costs of this action and interest.

### FOR A FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT ACCOMPANIED BY FRAUDULENT ACT

26. Plaintiff incorporates by reference any and all allegations as if set forth here in full.

27. Defendant breached its contractual obligations to Plaintiff as set forth above.

ELECTRONICALLY FILED - 2021 Apr 29 4:00 PM - HORRY - COMMON PLEAS - CASE#2021CP2602767

28. Defendant breached said obligations with fraudulent intent, and concocted fraudulent reasons for the breach as evidenced by circumstances surrounding the breach in claiming the Plaintiff was being furloughed and terminated because of the financial constraints of the Defendant, as the Plaintiff was in an income producing job with the Defendant and the Defendant, upon information and belief received federal relief funds.

29. Defendant committed one or more fraudulent acts accompanying the breach, as evidenced by such acts occurring prior to, contemporaneous with, or subsequent to the various breaches of contract.

30. As a result of the wrongful actions of the Defendant which injured the Plaintiff, the Plaintiff is informed and believes, she is entitled to all available relief including, but not limited to, an award of lost wages, lost fringe benefits, and other actual and consequential damages resulting from the breaches complained of herein, front pay, compensatory and punitive damages, costs and interest.

## FOR A FIFTH CAUSE OF ACTION
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

31. Plaintiff incorporates by reference any and all allegations as if set forth here in full.

32. In administering its contractual obligations to Plaintiff, Defendant failed to deal fairly with Plaintiff or to act in good faith, breaching a covenant to do so implied and expressed in the parties' agreements by concocting a reason for furlough and termination of the Plaintiff while upon information and belief accepting federal relief funding.

33. Plaintiff has been damaged by Defendant's breach of the covenant of good faith and fair dealing.

ELECTRONICALLY FILED - 2021 Apr 29 4:00 PM - HORRY - COMMON PLEAS - CASE#2021CP2602767

ELECTRONICALLY FILED - 2021 Apr 29 4:00 PM - HORRY - COMMON PLEAS - CASE#2021CP2602767

34.     As a result of the wrongful actions of the Defendant which injured the Plaintiff, the Plaintiff is informed and believes, she is entitled to all available relief including, but not limited to, an award of lost wages, lost fringe benefits, and other actual and consequential damages resulting from the breaches complained of herein, front pay, compensatory and punitive damages, costs and interest.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant for damages, costs, as stated above and for such other and further relief as the Court may deem just and proper in excess of Fifty Thousand ($50,000.00) Dollars.

April 29, 2021
Columbia, South Carolina

s/Pamela R. Mullis
Pamela R. Mullis
MULLIS LAW FIRM
Post Office Box 7757
Columbia, South Carolina 29202
(803) 799-9577
prmullis@mullislawfirm.com

*ATTORNEY FOR THE PLAINTIFF*

**JURY TRIAL REQUESTED.**